IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROGER SAUL and
ALMA A. SAUL,

      Plaintiffs,

v.                                         No. 1:24-cv-00362-DHU-KK

U.S. BANK NATIONAL ASSOCIATION,
NATIONSTAR MORTGAGE LLC and
MTGLQ INVESTORS, L.P.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiffs, who are proceeding *pro se*, alleged that Defendants "caused the Plaintiffs harm by falsely representing amounts of legal expenses and 'other charges' owing for Mortgage Payoffs" and "Plaintiffs relied on Defendants' representations and were ultimately damaged by the foreclosure loss of three properties." Complaint for a Civil Case at 2, Doc. 1, filed April 15, 2024.

Plaintiffs alleged that "jurisdiction in United States District Court is proper" quoting 28 U.S.C. § 144. Complaint at 2. Section 144 provides in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. Plaintiffs attached an "Affidavit of Personal Prejudice" regarding two state-court judges. *See* Complaint at 5.

United States Magistrate Judge Kirtan Khalsa notified Plaintiffs:

> There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" . . . "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."
>
> *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir.2012) and *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).  Plaintiffs assert the Court has jurisdiction pursuant to 28 U.S.C. § 144.  However, 28 U.S.C. § 144 does not provide for a private right of action; it only provides that United States District Judges may not proceed further and another United States Judge must be assigned if a party files a sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice.  28 U.S.C. § 144 does not apply to state-court judges.
>
> There is no properly alleged diversity jurisdiction because the Complaint indicates that Plaintiffs and all Defendants reside in New Mexico.  *See* Complaint at 1-2.  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."  *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006).  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."  *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

Order to Show Cause at 2-3, Doc. 3, filed April 20, 2024.  Judge Khalsa ordered Plaintiffs to show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction and to file an amended complaint.  *See* Order to Show Cause at 6.

Plaintiffs timely filed an Amended Complaint for Fraud and Showing of Cause.  *See* Doc. 5, filed May 2, 2024 ("Amended Complaint").  Plaintiffs state: "Jurisdiction in United States District Court is proper.  Plaintiff attacks three state court judgments, valid on its face, in a federal court, on the grounds of fraud."  Amended Complaint at 2.  Plaintiffs cite Rule 60(b) of the Federal Rules of Civil Procedure which provides for relief from judgments in United States District Courts on several grounds including fraud.  *See* Amended Complaint at 5; Fed. R. Civ.P. 60(b).  Plaintiffs,

however, cite no authority for the proposition that Rule 60(b) provides relief from a *state court judgment* as opposed to relief in a federal case. Rule 60(b) is not a mechanism for relief from state court judgments. The Amended Complaint does not assert any other basis for subject-matter jurisdiction. The Court concludes it does not have jurisdiction over this case because the Amended Complaint does not contain allegations to support jurisdiction.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

3